Filed 1/21/22  P. v. Walters CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079111 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD260844) |
| VINCENT LEGREND WALTERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frederic L. Link, Judge.  Reversed and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, A. Natasha Cortina, Robin Urbanski, and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

In 2015, Vincent Walters entered into a plea agreement in which he pleaded guilty to first degree murder (Pen. Code,[1] § 187, subd. (a)) and two

---

[1]    All further statutory references are to the Penal Code.

counts of kidnapping for ransom (§ 209, subd. (a)). Walters was sentenced to an indeterminate term of 32 years to life in prison.

In 2021, Walters filed a petition for resentencing under section 1170.95. The trial court summarily denied the petition without appointment of counsel or issuing an order to show cause and conducting an evidentiary hearing. The court concluded, based on the change of plea transcript, that Walters was the actual killer or at least acted with malice.

Walters filed a timely notice of appeal.

Appellate counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) This court reviewed the case and discovered the trial court had denied the resentencing petition without first appointing counsel and receiving briefs. This appeared to be contrary to the Supreme Court decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Based on that discovery, this court declined to treat the case as a *Wende* appeal. We directed the parties to file briefs on the question of whether the trial court's error was prejudicial.

Having now reviewed the briefs and the record, we conclude the error in failing to appoint counsel and receive briefing was not harmless. We will reverse the order denying the petition and remand with directions to issue an order to show cause (OSC) and to conduct an evidentiary hearing as required by section 1170.95.[2]

## DISCUSSION

The transcript of the change of plea contains statements by Walters which could indicate he was the actual killer. Indeed, at one point he said he did kill the victim. However, as the transcript demonstrates, defense counsel

---

[2] This appeal arises from a conviction by plea. Thus, there is no statement of facts in the record.

2

interrupted and pointed out Walters was "aiding and abetting." The relevant portions of the transcript are as follows:

"The Court: Did you murder [K.R.]?

"The defendant: Yes, I did.

"[¶] . . . [¶]

"Mr. Garcia [Defense counsel]: It's aiding and abetting.

"The Court: By what he said is enough.

"Mr. Garcia: I want to make sure it is clear."

## A. Legal Principles

In *Lewis*, the court clarified a number of procedural issues regarding trial court review of resentencing petitions under section 1170.95. Relevant here, the court held that where the petitioner files a facially proper petition, the court must appoint counsel. (*Lewis*, *supra*, 11 Cal.5th at p. 970.) The court identified the standard for determining prejudice when a trial court fails to appoint counsel.

Where a trial court erroneously fails to appoint counsel, the error is one of state law; thus, we apply the standard for evaluating harmless error under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at p. 973.) Since the error is the failure to provide counsel, we must determine what counsel could have done to potentially obtain a different result. Based on the record, we must attempt to discern what impact the deprivation of counsel had on this case to determine whether it is reasonably probable that a different result would have occurred in the absence of the error.

## B. Analysis

As we have noted, there is no evidentiary record to support the trial court's decision. The ruling appears to be based on the trial court's reading of

3

the transcript of the change of plea. Based on that transcript the court concluded Walters was the actual killer. Certainly, there is language in the transcript that, taken in isolation, would support such conclusion. However, it is important to note the incriminating statement was followed immediately by defense counsel's clarification that Walters was an aider and abettor. Since the admissions thus far would give a factual basis for the guilty plea, neither the court or counsel explored exactly what Walters did as an aider and abettor to make him legally responsible for the murder of the victim.

Thus, the record available to the trial court on its initial review was ambiguous as to the basis of Walters's liability as an apparent aider and abettor, as opposed to being the actual killer. Walters and others were charged with conspiracy, kidnapping for ransom, and murder. There is no specific factual explanation of Walters's role in the crime.

The court in *Lewis* held that, after appointment of counsel, the trial court could summarily deny a petition if readily available facts in the record establish the petitioner to be ineligible for relief as a matter of law. The court may not, however, engage in factfinding or draw evidentiary inferences. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-973; *People v. Drayton* (2020) 47 Cal.App.5th 965, 979-980.)

Competent counsel could have pointed out the ambiguity of the record of conviction and the lack of any clear factual basis for Walters's liability if he truly was an aider and abettor. We cannot find the trial court's error to be harmless. We must reverse the order and remand with directions.

## DISPOSITION

The order denying Walters's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the superior court

with directions to issue an order to show cause and to conduct an evidentiary hearing as required by section 1170.95.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.